FILED
CLERK

9:57 am, Nov 13, 2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
ROSALY AGOSTO,

                         Plaintiff,

           -against-

NASSAU COUNTY CORR. CNTR.,

                        Defendant.
--------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
25-CV-4269(GRB)(LGD)

**GARY R. BROWN, United States District Judge:**

      Before the Court is the Amended Complaint timely filed by Rosaly Agosto ("Plaintiff") in accordance with the Court's September 22, 2025 Memorandum and Order (the "Order") that granted Plaintiff's motion to proceed *in forma pauperis* ("IFP"). *See* Docket Entry Nos. "DE" 6, 9, 11. That Order also dismissed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) without prejudice and with leave to file an amended complaint. Having already granted IFP status, the Court has now screened the Amended Complaint and, upon careful review, finds that it suffers from the same defects as the original Complaint. Accordingly, the Amended Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1).[1]

**BACKGROUND[2]**

---

[1] Notably, the Amended Complaint was filed while Plaintiff was incarcerated at Nassau County Correctional Center ("NCCC" or the "Jail"). *See* DE 11 at 10. However, Plaintiff has since been transferred to the Ulster Correctional Facility. *See* https://nysdoccslookup.doccs.ny.gov/ (last visited on Nov. 5, 2025.) As a one-time courtesy, the Court orders that the Clerk of Court update Plaintiff's address to: Rosaly Agosto, 25-R-3473, Ulster Correctional Facility, 750 Berme Road, P.O. Box 800, Napanoch, NY 12458-0800. Plaintiff is on notice that he is responsible for keeping his address current with the Court in each of his cases.

[2] Excerpts from the complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

## I.    Procedural History

On July 30, 2025, Plaintiff filed a Complaint, signed and dated July 24, 2025, citing events alleged to have occurred on July 18, 2025.  DE 1 at 3 ¶ II and at 5.  Plaintiff named the NCCC as the sole Defendant and alleged that, while detained at the NCCC on July 18, 2025 during the morning hours between 9:30 a.m. and 10:45 a.m. at the small yard to the right of Building B-2:

> I was playing basketball. I didn't realize that it was a little step arown the basketball Hoop by the toilet, when I went to pick up the ball I misstep and twist my left ankle. I went to Medical to get a x-ray and the x-ray show not fractures but my left ankle hurts a lot and swollen and purple, I can't walk how I used to walk before this incident. I probably gonna have problems whit my ankle in the future, were I'm gonna have to get terapy.

*Id.* at 4, ¶ II.[3]  Plaintiff alleged that after he was "released from the medical" department, his ankle was still swollen, he was not able "to walk properly without something that can help me walk better" and that the medication that he was given is "not helping me enough."  *Id*. at 4-5, ¶ II.  For relief, Plaintiff sought to recover a damages award in the sum of $200,000 "for all my treatments in the future."  *Id.* at 5, ¶ III.

In reviewing the sufficiency of the Complaint in accordance with the requirements of 28 U.S.C. §§ 1915, 1915A, the Court determined that Plaintiff had not alleged a plausible claim for relief for several reasons.  *See* DE 9.  Initially, because the NCCC "'has no independent legal identity apart from the municipality, Nassau County[]', it lacks the capacity to be sued."  *Id.* at 4 (quoting *Arroyo v. Nassau Cnty. Corr.*, No. 22-CV-5611(GRB)(LGD), 2022 WL 16636774, at *2 (E.D.N.Y. Nov. 2, 2022).

---

[3] Plaintiff has also included a hand-drawn diagram of the location including the basketball hoop and the step.  *Id*. at 7.

2

The Court also considered whether it could interpret the Complaint as being filed against Nassau County.  DE 4 at 4-5.  However, in the absence of any factual allegations that the unconstitutional conditions of Plaintiff's confinement were the result of a policy or practice of Nassau County, Plaintiff had not alleged a plausible Section 1983 claim as against Nassau County.  *Id*. at 5.

Further, even if Plaintiff had named a proper defendant and sufficiently alleged municipal liability, Plaintiff omits any facts that would enable the Court to find a plausible a constitutional deprivation.  *Id*. at 5-6.  While noting the relevance of Plaintiff's custody status in evaluating his claims, *id.* at 6 n. 4, the Court explained that, under either the Eighth Amendment (applicable to convicted inmates) or the Fourteenth Amendment (applicable to pretrial detainees), "Plaintiff's allegations that: (1) he did not notice the step near the basketball hoop; (2) he tripped and twisted his left ankle causing swelling and pain; (3) he was promptly examined at the medical unit where x-rays were taken and no fractures were observed; and (4) he was treated, do not individually or collectively establish a plausible deliberate indifference or conditions of confinement claim."  *Id*. at 6-7.  Indeed, the Court explained that, "[u]nder either amendment, '[t]he deliberate indifference standard embodies both objective and subjective elements: (1) the alleged deprivation must be, in objective terms, sufficiently serious; and (2) the charged official conduct must act with a sufficiently culpable state of mind.'"  *Espinosa v. Nassau Cnty. Corr. Ctr*., No. 20-CV-0223 (GRB), 2020 WL 4614311, at *3 (E.D.N.Y. July 22, 2020) (internal quotation marks and citation omitted).  Thus, "[e]ven assuming Plaintiff's twisted ankle is sufficiently serious, Plaintiff does not allege that any individual was deliberately indifferent to the risk posed by the step or the medical treatment provided" rendering his Section 1983 claims implausible.  *Id*. at 7.

In an abundance of caution and in light of Plaintiff's *pro se* status, the Court granted him leave to file an amended complaint to correct the deficiencies noted. *Id*. at 8 ("Plaintiff may attempt to replead these allegations with the specificity and level of detail required by the case law discussed above.")). Further, the Court ordered Plaintiff to

> include facts from which the Court could reasonably construe that the conditions of his confinement and/or the alleged denial of medical treatment were extreme enough to constitute a "substantial risk of serious harm" and that each person named as a defendant consciously disregarded it. If plaintiff does not presently know the name or badge number of any individual whom he seeks to hold liable, he may name such individual as "John Doe" or "Jane Doe" in the amended complaint and shall include facts surrounding the date(s), time(s), and location(s) of any challenged action or inaction as well as descriptive information about any such individuals such that their identities may be obtained.

*Id*. Finally, Plaintiff was put on notice that, "[s]hould plaintiff elect to file an amended complaint, it will be screened pursuant to the requirements of 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)." *Id*. at 11.

## II.    The Amended Complaint

Plaintiff's Amended Complaint, like the original, is submitted on the Court's civil rights complaint form for actions brought pursuant to 42 U.S.C. § 1983 ("Section 1983") with an additional two-page letter and two pages of hand drawn diagrams of the subject location. *See* DE 11. Plaintiff again names the NCCC ("Defendant") as the sole Defendant, has omitted his conviction status, and continues to complain that, while detained at the NCCC on July 18, 2025 during the morning hours between 9:30 a.m. and 10:45 a.m. in the recreation yard to the right of Building B-2 while playing basketball:

> I triped over the step by the bathroom which is 2" high which is also near the basketball court. I did not see the 2" step which goin after the ball. At this I noticed a pain in my left ankle.

4

*Id.* at 7-8, ¶ II.  Plaintiff alleges that his ankle was purple and that he "could not walk very good."  *Id*. at 8.  Plaintiff claims that he requested to be examined at the medical unit around 11:00 a.m. but was not called to the medical unit until around dinner time.  *Id*.  At that time, Plaintiff describes that an x-ray was taken, pain medication was provided, and he was kept at the medical unit until after the weekend (from Friday until Monday).  *Id*.  According to the Amended Complaint, Plaintiff's "ankle was still swollen," he "was not able to walk properly without something that can help me walk better," and the medication that he was given "did not help me at all."  *Id*. at 8-9, ¶¶ II-II.A.  For relief, Plaintiff seeks to recover a damages award in the sum of $200,000 "for pain suffering and future treatment."  *Id.* at 9, ¶ III.

**LEGAL STANDARDS**

Having already granted IFP status to Plaintiff, the Court considers the merits of the Amended Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A(b).  *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

**I.     Sufficiency of the Pleadings**

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).  The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). It is axiomatic that district courts are required to read pro se complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)).  Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  However, "[t]hreadbare recitals of the

5

elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

## DISCUSSION

### I.    Section 1983

Section 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id*. The Court analyzes Plaintiff's Section 1983 claims below.

6

### A.    The Amended Complaint Fails to Allege A Plausible Claim

For the reasons set forth in the Order, Plaintiff's claim against the Jail must be dismissed because it "has no independent legal identity apart from the municipality, Nassau County." (DE 9 at 4 (citing *Arroyo v. Nassau Cnty. Corr.*, No. 22-CV-5611(GRB)(LGD), 2022 WL 16636774, at *2 (E.D.N.Y. Nov. 2, 2022).

Furthermore, affording the *pro se* Amended Complaint a liberal construction, even when construing it as against Nassau County, Plaintiff has not alleged a plausible claim for municipal liability nor has he sufficiently alleged a conditions of confinement or deliberate indifference claim. Indeed, the Amended Complaint is largely a repeat of the original Complaint and does not address, much less cure, any of the deficiencies set forth in the Order. Thus, Plaintiff's Section 1983 claims are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

## II.    State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the Amended Complaint.  Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's Amended Complaint.

## III.    Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted).  However, leave to amend is not required where it would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.").  Here, Plaintiff has already been afforded an opportunity to amend his Complaint. Given the substance of the Amended Complaint, which demonstrates that Plaintiff has ignored the guidance provided by the Court, further amendment would be futile. Accordingly, leave to further amend the Complaint is denied.

## IV.    Section 1915 Privilege

The Second Circuit has long-established that "the benefit of § 1915 is a privilege, not a right . . . and that the court's 'extra measure of authority' in dealing with § 1915 actions is necessary because frivolous suits unduly burden the courts, sometimes obscuring meritorious claims, occasion significant expenditures of public monies, and are a means by which plaintiffs can use

the federal government to harass individual defendants." *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983) (citations omitted).  As IFP status is not a constitutional right but rather a congressionally created benefit, it can be extended or limited by Congress.  *Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (citation omitted).  Indeed, to help staunch a "flood of nonmeritorious" prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule.  *Lomax v. Ortiz-Marquez*, 590 U.S. ----, 140 S. Ct. 1721, 1723 (2020) (citing *Jones v. Bock*, 549 U.S. 199, 203 (2007)).  That rule generally prevents a prisoner from bringing suit IFP—that is, without first paying the filing fee—if he has had three or more prior suits "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." *Id*. (quoting 28 U.S.C. § 1915(g)).

In determining when a plaintiff should receive a strike for a dismissed case under section 1915(g), the Second Circuit has made clear that district courts should not impose strikes in its dismissal orders.  *See James v*. McIntosh, 24-624, 2024 WL 4662980 (2d Cir. Nov. 4, 2024) ("a district court errs in entering a strike at the dismissal stage") (citing *Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004)).  Rather, a district court should only consider whether a plaintiff has three strikes if it appears that the plaintiff has run afoul of section 1915(g) and is barred from proceeding IFP in the instant action.  *See id.*  As such,

> [t]he district court judgments should clearly set forth the reasons for dismissal, including whether the dismissal is because the claim is "frivolous," "malicious," or "fails to state a claim," whether it is because the prisoner has failed to exhaust an available administrative remedy, or for other reasons.
>
> Clarifications of this sort will undoubtedly assist subsequent courts that must determine whether a plaintiff is barred from maintaining an action *in forma pauperis* by the three strikes rule of Section 1915(g).

*Deleon*, 361 F.3d at 95 (citing *Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999)).

Incarcerated litigants face a greater risk of various harms while in prison, including physical injuries, poor prison conditions, inadequate medical care, and other constitutional deprivations, making their access to relief from the judicial system of the utmost importance. *See Rosa v. Doe*, No. 21-2628, 2023 WL 8009400 (2d Cir. Nov. 20, 2023) (discussing history and importance of IFP status). This access, however, when done through IFP status, is not unrestricted and the indigent prisoner should be made aware of the limitations. Once a prisoner accrues three dismissals based on either frivolousness, maliciousness, or for failure to state a claim, that prisoner will be prohibited from commencing another action or appeal IFP unless he is in imminent physical danger—regardless of the meritoriousness of the case. *See, e.g., Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (affirming dismissal of prisoner's IFP action alleging claims of exposure to mold and unjust discipline based on the three-strikes rule); *Fate v. New York*, No. 19-CV-4107 (CS), 2021 WL 1177966, at *7 (S.D.N.Y. Mar. 26, 2021) (dismissing prisoner's IFP case alleging campaign of police harassment and retaliation and a physical assault under the three-strikes rule). Indeed, "[r]equiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state." *Nicholas v. Tucker*, 114 F.3d 17, 21 (2d Cir. 1997) (citation omitted).

Here, the Court does not impose any strikes against the Plaintiff but will note, however - - for the *pro se* Plaintiff's benefit - - that the statute under which he is proceeding is a privilege subject to revocation. And the plain language of § 1915(g) suggests that such revocation is compulsory in the face of abuse. *See* 42 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has [violated the three-strike rule] unless the prisoner is under imminent danger of serious physical injury.") (emphasis added); *see*

10

*also Lomax*, 140 S. Ct. at 1723-24 ("That provision bars further IFP litigation once a prisoner has had at least three prior suits dismissed on specified grounds."). Accordingly, the Plaintiff proceeding IFP here is cautioned that the dismissal of the present complaint for failure to state a claim may be considered a strike by a future court and contribute to the determination that he has violated the three-strikes rule of § 1915(g), barring him from commencing further actions or appeals IFP.

## CONCLUSION

Based on the foregoing, the Amended Complaint (DE 11) is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) without leave to further amend. Judgment shall be entered and this case shall be closed. The Clerk of the Court shall mail a copy of this Memorandum and Order to the *pro se* Plaintiff at his address of record in an envelope marked "Legal Mail" and note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

/s/ Gary R. Brown
Gary R. Brown
United States District Judge

Dated: November 13, 2025
Central Islip, New York

11